**Opinion filed April 1, 2010**



In The

# Eleventh Court of Appeals

---

## No. 11-09-00067-CR

---

**CHARLEY DEE PHILLIPS, SR., Appellant**

**V.**

**STATE OF TEXAS, Appellee**

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 23201A**

### M E M O R A N D U M   O P I N I O N

The jury convicted Charley Dee Phillips, Sr. of aggravated assault. Appellant entered a plea of true to both enhancement allegations, and the trial court assessed his punishment at confinement for thirty years. We dismiss.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that she has concluded that the appeal is frivolous.

Counsel presents one arguable issue on appeal. Counsel examines whether trial counsel was ineffective for failing to call appellant to explain the situation. As counsel notes, the decision whether to testify is the defendant's and is made with the help of trial counsel. Appellant choosing not to testify is reasonable trial strategy. The record does not support a claim of ineffective

assistance of counsel at trial. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003); *Strickland v. Washington*, 466 U.S. 668, 690 (1984); *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005); *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999). The arguable issue is overruled.

Counsel has provided appellant with a copy of the brief and advised appellant of his right to review the record and file a response to counsel's brief. A response has been filed. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

In his response, appellant contends that he was denied due process and due course of law in the trial court because his trial counsel provided ineffective assistance of counsel and that the grand jury erred in the indictment. We note that the Texas Court of Criminal Appeals stated in *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005), that the court of appeals is to review appellant's pro se claims and examine the record in order to determine whether the record reflects no reversible error and the appeal should be dismissed or whether arguable grounds exist and new counsel should be appointed. We have complied with the requirements in *Bledsoe* and have found no reversible error.

Following the procedures outlined in *Anders*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review by the Texas Court of Criminal Appeals. *Ex parte Owens*, 206 S.W.3d 670 (Tex. Crim. App. 2006). Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 66. *Black v. State*, 217 S.W.3d 687 (Tex. App.—Eastland 2007, no pet.).

The motion to withdraw is granted, and the appeal is dismissed.

April 1, 2010                                                                 PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

2